————o————

5489.

(Court of Appeal, Parish of Orleans.)

## E. JONAS & COMPANY, ET AL, vs. ITZKOVITCH & COPELAND.

1. Custom may modify, restrict or enlarge a contract into which it enters, but it cannot create a contract or of itself give rise to an obligation.
2. It is settled law that, before a legal charge can be made, there must be a contract of employment, either expressly made or logically implied from the facts, and that no one can claim compensation from one who did not employ him, however beneficial or valuable the service may prove to the latter.

Appeal from the Civil District Court, Division "B."

A. D. Danziger, for plaintiff and appellant.

Cahn & Roberts, for defendant and appellee.

DUFOUR, J.—The plaintiffs allege that they are real estate agents, that they sold certain property belonging to defendants, and that their services are well worth the usual commissions of two per cent of the purchase price for which they seek to hold defendants liable.

The suit is one on a **quantum meruit** and there is no suggestion that, at any time, there was any contract of employment between the parties.

The plaintiffs sought to introduce evidence of a custom that, under certain cases, the vendor pays the broker's commission, the evidence was properly excluded as not pleaded and irrelevant. Custom may be shown to establish the fact that the parties contracted with reference to it, but, in the nature of things, this does not obtain in a **quantum meruit**. Custom may modify, restrict or enlarge a contract into which it enters, but it cannot create a contract or itself give rise to an obligation.

Not only is there no express contract here, but we find nothing giving rise to the theory that an implied contract is deducible from the relations between the parties.

The broker saw the purchaser first and told him he had heard of a piece of property that would suit him. He subsequently called on the vendors and opened negotiations, ostensibly as agent of the purchaser. Nothing was said at the time about the payment of a commission.

It is shown that subsequently the defendants sold the property through their own broker and paid him a commission.

It is settled law that before a legal charge can be made, there must be a contract of employment, either expressly made, or logically implied from the facts and that no one

can claim compensation from one who did not employ him, however beneficial or valuable the services may prove to the latter.    105 La., 604; 7 Ct. of Ap. 148.

We take pleasure in adding to our reasons for judgment the clear and compact opinion of our brother of the District Court which we quote in its entirety:

"This is an action brought by plaintiff, a real estate firm composed of E. Jonas and S. T. Churchill, against defendant for two hundred and seventy five dollars, brokerage, two per cent on $13,750, for selling for them real estate on Rampart Street.

"The defendants admit the sale of the property to Dr. George A. Thomas for $13,750. They deny that plaintiffs were employed by them, aver they had their own real estate agent who handled the entire matter; that, if plaintiff did anything, it was as the agent of Dr. George A. Thomas, the purchaser.

"The following are the facts proved:

"When the defendants purchased the property from their vendor they promised as part of the agreement to purchase, that if they sold they would give the sale to a broker, Mr. Richard Pearce. This they did.

"Dr. George A. Thomas wanted to buy property on South Rampart Street. Mr. S. D. Churchill, a member of plaintiff firm, called on Dr. Thomas, and after some conversation, proposed that they try to purchase this property. Churchill told him a few days after he could purchase it for $16,000. Dr. Thomas told him he would only pay $12,000. Finally he told Churchill he would give $13,750.

"Churchill saw the defendant, Mr. Itzkovitch, several times, and finally made him an offer of $13,750

from Dr. Thomas. Itzkovitch told Churchill to leave the offer, which he did.

"That same day, after Churchill had left the offer, Mr. Pearce called on Dr. Thomas and told him he could deliver the property to him for $13,750, and no one else could. Thereupon Dr. Thomas signed for Mr. Pearce an agreement to purchase and the defendant to sell. The deal was consumated by Mr. Pearce, and the defendant paid him his commission of two per cent.

"The defendants never employed plaintiff or Mr. Churchill to sell this or any other property for them, and therefore, under the law, they do not owe plaintiffs a commission. Mr. Churchill, if employed by anyone, was employed by Dr. Thomas. But Dr. Thomas says he never pays a commission when he buys, and that he did not promise to pay Mr. Churchill a commission. Before he commenced to work to effect a sale, Mr. Churchill should have had it well understood who was to pay him, or had a written or verbal contract stipulating by whom he was to be paid. His services no doubt inured to the benefit of both Dr. Thomas and defendants, but they were volunteered in the hope that someone would pay him, but defendants had their own broker, to whom they paid a commission, and they did not request Mr. Churchill to sell their property.

"For these reasons judgment is rendered for the defendants."

Judgment affirmed.

## Dissenting Opinion.

ST PAUL, J.—I dissent. It is true that compensation

— 171 —

cannot be recovered without employment; but it appears to me that when defendants received from plaintiffs the offer to purchase which they had procured, and acted **upon it** by taking it to Pearce, they thereby accepted plaintiffs' services, and there was an implied promise to pay what those services were worth.

I concur in the propositions of law announced by the Court, but I do not think they apply to the circumstances of this case.

February 19th 1912.

Rehearing Refused March 18th, 1912.

———————o———————

### 5506.

### (Court of Appeal, Parish of Orleans.)